UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 1:10-cv-644-JLK-MJW

SHANNON FREEMAN, as Personal Representative of BRYANT HANNA, a child, and
STEPHANIE HANNA, as representative of the estate of ROBERT HANNA, deceased

     Plaintiffs,
v.

GREGORY COSTA, PA-C,

     Defendant.

_____

**ORDER CONCERNING Plaintiff's 10/22/12 email correspondence and Motions Docketed at 120 and 121.**

Kane, J.

In Plaintiffs' MOTION to Strike 114 Witness List *First Amended by Defendant* (Doc. 120), Plaintiffs express irritation that Defendant's pretrial witness list is divided into may-call and only a single will-call witness. As the issue of witness lists was discussed and ruled upon at the Pretrial Conference held on October 16, 2012, however, I am denying the motion as MOOT. Per my Order of October 16, 2012, Defendant must provide a list to the Court and to opposing counsel specifying both the order in which defenses witnesses are to be called and also which witnesses from Defendant's initially proffered list are reasonably expected to be actually called. In other words, to the fullest extent possible, Defendant must re-evaluate his earlier submission such that Plaintiffs are not left guessing whether and if more than a single witness is expected to testify in Defendant's case in chief.

In Plaintiffs' second recently filed motion, MOTION for Ruling on 116 Proposed Pretrial Order *Proposed Statement of the Case and Revised Jury Instructions and Verdict Forms* (Doc.

121), Plaintiffs take issue with Defendant's new proposals concerning the statement of the case, certain stipulated facts, and certain jury instructions.

Turning first to the matter of stipulations, I note Plaintiffs, in addition to protesting Defendant's Proposed Revised Pretrial Order stipulations, have voiced confusion as to what stipulations submitted prior to the Pretrial conference were approved at the October 16, 2012, trial preparation conference (Doc. 122).  To clarify, the approved stipulations are those contained in the parties' UNOPPOSED motions, Docs. 99 and 102.  Plaintiffs' objections to Defendant's eleventh hour attempt to rewrite and withdraw these stipulations in a Proposed "Revised" Pretrial Order (Doc. 116) are sustained.  Plaintiffs are entitled to rely on the stipulations previously agreed to between counsel and approved by the Court in the Pretrial Order (Doc. 90), and these are reaffirmed.

In contrast, I find Plaintiffs' objection to Defendant's new proposed statement of the case a bit overwrought. Defendant does not misrepresent Plaintiffs' claims and Defendant's version is direct and more precise than the lengthy statement set forth in the Pretrial Order.  The statement of the case jury instruction will hew to Defendant's proposed in Doc. 116 and Plaintiffs' proposed in Doc. 121.

Next Plaintiffs express concern that Defendant's revision stating "none" on page 4 of Doc. 116 was an attempt to renege on his agreement regarding applicable Statutes and Regulations.  I do not read the notation that way, but in any event find the statutes and regulations laid out in the Pretrial Order applicable and will instruct the jury accordingly.

Regarding *voire* dire, counsel may use the New Jersey Model Jury Selection Questions for Medical Malpractice Cases submitted by Plaintiffs *except* for Questions 8, 9, 11, or 12.  If Question 6 is used, please omit reference to "or caps or limits on jury verdicts or awards."

The Court's revised draft of the jury instructions to be used in this case will be filed via CM/ECF in the next day or two. Counsel will be afforded an opportunity to make a record regarding any objections or proposed modifications before the instructions are finalized for the jury.

Dated:  October 23nd, 2012

**/s/ John L. Kane**
Senior U.S. District Judge